FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 AUG 18  AM 11: 04

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BRENDA EDMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 105-146 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") and disability benefits under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court recommends that the Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Plaintiff applied for SSI payments and disability benefits on May 21, 1985, alleging disability since April 1985 due to bad nerves and depression. Tr. 20. The Social Security Administration granted plaintiff's applications on November 5, 1985, and again on review

on July 13, 1988.

On April 13, 2000, the Commissioner advised plaintiff of the termination of her disability benefits in June 2000. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented by counsel, testified on her own behalf, the ALJ issued an unfavorable decision dated June 18, 2001. On August 27, 2002, the Appeals Council ("AC") remanded the case for further administrative proceedings. Id.

While those proceedings were pending, plaintiff filed new applications for disability benefits and SSI payments on April 13, 2001, alleging disability since July 19, 2001. After the applications were denied initially and on reconsideration, plaintiff requested a hearing before the ALJ. The Social Security Administration then combined the two cases and set a hearing date for February 6, 2003. At the hearing, the ALJ heard testimony from plaintiff, who was represented by counsel, and from a vocational expert. Id. at 21.

The ALJ issued an unfavorable decision on October 24, 2003. Applying the sequential process set forth in Title 20, Code of Federal Regulations, Sections 404.1594(f) and 416.994(b)(5) for determining whether a disability has ceased, the ALJ found:

1. The medical evidence establishes that the claimant does not have an impairment or combination of impairments which meets or equals the severity of an impairment listed in Appendix 1, Subpart P, Regulation No. 4.

2. The impairment present as of July 13, 1988, the time of the most recent favorable medical decision that the claimant continued to be disabled, was schizophrenia. The medical evidence establishes that there has been improvement in the claimant's medical impairments since July 13, 1988.

3.  Since April 2000 the claimant has had the residual functional capacity to perform the exertional and nonexertional requirements of work except for lifting in excess of twenty pounds occasionally and ten pounds frequently, work requiring exposure to dangerous or hazardous activities, and work other than routine, repetitive, entry-level work not involving complicated job instructions.

4.  The medical evidence establishes that the claimant currently has an impairment or combination of impairments which is severe.

5.  The claimant does not have any acquired work skills which are transferable to the skilled or semi-skilled work functions of other work.

6.  Considering an exertional capacity for light work and claimant's age, education and work experience, . . . the claimant is no longer disabled. The claimant's additional nonexertional impairments do not allow her to perform the full range of light work. However, using the above-cited section as a framework for decisionmaking, the claimant can perform other jobs that exist in significant numbers in the national economy. Examples of such jobs are: marker (6,000 to 8,000 jobs); assembler (6,000 to 8,000 jobs); cleaner/housekeeper (8,000 to 10,000 jobs); and ticketer (6,000 to 8,000 jobs).

Tr. 29-30.

When the AC denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff filed this civil action requesting a reversal of that adverse decision. Plaintiff argues that the ALJ's determination regarding plaintiff's mental capacity to work was not supported by substantial evidence and that the AC erred in failing to consider new evidence submitted after the ALJ issued his opinion.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence,

3

Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d

4

1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Substantial Evidence

Plaintiff first contends that the "Commissioner erred as a matter of law in failing to understand that Plaintiff requires continual, intensive support from mental health professionals in order to maintain minimal independence, and that her current level of functioning is not indicative of an ability to engage in substantial employment." Pl. Br. at 5. Plaintiff specifically disputes the ALJ's conclusion that the "evidence as to [plaintiff's] condition, activities, and capabilities is not consistent with the degree of continuing disabling impairment she asserted." Tr. 26.

In evaluating plaintiff's current condition and everyday activities, the ALJ observed that plaintiff no longer participates in group therapy and that she participated in a college work-study program. She has been taking college classes for several years. She also does her own cooking, washing, and cleaning, and she participates in numerous social activities such as bowling, swimming, church activities, movies, and dining at restaurants. Plaintiff denied having any problems with concentration, memory, or task completion. Id.

The ALJ also emphasized that "[n]o physician has suggested specific functional

5

limitations for [plaintiff]." Id. The ALJ did recognize letters from Kathleen McKeown, a counselor who has treated plaintiff, indicating that, while plaintiff functions well now due to the support of her community, she would not be able to adapt to the continuing stress of a work environment. In rejecting McKeown's non-medical opinion, the ALJ noted that the opinion is not supported either by objective clinical findings or by plaintiff's current condition and level of activity. The ALJ further recognized that the medical evidence of record indicates significant improvement in plaintiff's psychological condition. Tr. at 26-27.

Plaintiff contends that the ALJ's analysis "ignores the reality of Plaintiff's true situation," in that the ALJ did not note excerpts of Dr. M. Kevin Turner's consulting clinical findings indicating that plaintiff's condition is "fragile" and that plaintiff is likely, at some point, to require further hospitalizations. Tr. 287.[1] Plaintiff also challenges the ALJ's characterization of plaintiff's school activities and plaintiff's testimony concerning her capacity to work. Pl. Br. at 9.

Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin, 894 F.2d at 1529 (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it

---

[1] Dr. Turner nevertheless found that the "major symptoms of [plaintiff's] illness are under control with medication and therapy . . . ." Tr. 287. Dr. Turner listed plaintiff's prognosis as "guarded," but did not indicate an opinion as to whether she was able to return to work. The ALJ relied upon Dr. Turner's clinical evaluation of plaintiff in finding that her psychological condition had improved significantly in previous years. Tr. 22, 27. In accordance with Social Security Ruling 96-6p, findings of fact made by a state agency psychological consultant regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence at the ALJ and Appeals Counsel levels of administrative review.

6

must uphold the Commissioner even if the evidence preponderates in favor of the plaintiff. Id.

In this case, the Court finds that substantial evidence supports the ALJ's findings regarding plaintiff's residual functional capacity. As the ALJ notes in reaching his conclusion, the medical record does reveal a series of examinations after February 2000 indicating improvement in plaintiff's psychological condition and that her condition is being effectively treated with medication. Tr. 280-407. The ALJ also considered that plaintiff appears to be working successfully toward a degree at Augusta Technical Institute, which presumably will position her to obtain future employment. While the record does not suggest, and the Court does not otherwise believe, that plaintiff's psychological condition has been cured or that future relapse is not possible, the record does reveal that plaintiff's symptoms have been controlled successfully in recent years, and the Court finds that substantial evidence supports the ALJ's conclusion that plaintiff maintains the residual functional capacity to function in a work environment given her present psychological condition.

**B. Additional Evidence**

Plaintiff next argues that a letter from plaintiff's treating psychiatrist, Dr. Tyson, submitted after the ALJ decision but before the AC ruled on plaintiff's appeal, warrants remand under Sentence Six of Title 42, United States Code, Section 405. The letter, dated August 24, 2004, states in pertinent part:

> I have treated [plaintiff] for Schizoaffective Disorder-Bipolar Type for the past two years at the Community Mental Health Center of East Central Georgia. She has responded well to her medications . . . . She continues,

7

> however, with symptoms related to her illness including lability of mood, hyperverbal and pressured speech at intervals, as well as a tendency to become disorganized and illogical when she is placed in stressful situations.
> . . .
>
> [Plaintiff] presents well superficially, and I think this has contributed to her being denied benefits in the past. She has a history of numerous psychiatric hospitalizations and is at high risk for relapse if placed under the stress of full time employment. When stressed, the symptoms of her illness become evident and she becomes disorganized with illogical thinking.
>
> The resources in the community that have helped to provide support to [plaintiff] in the past four years have largely disappeared. [Plaintiff] has worked diligently during this time attending school and working part time, but she has not demonstrated an ability to be able to . . . support herself financially for any significant period of time because of her illness. She is certainly deserving of disability benefits.

Tr. 12.

A reviewing court, when presented with new evidence that was not available at the time of the ALJ's decision, may only consider whether the evidence necessitates remand under Sentence Six of Section 405(g). A reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994).

Sentence Six of Section 405(g) authorizes a reviewing court to remand a case for consideration of new evidence only if the evidence is material and only if good cause exists for the claimant's failure to incorporate such evidence into the record in a prior proceeding. The Eleventh Circuit has set forth the requirements for a plaintiff seeking remand for consideration of new evidence:

> (1) there is new, noncumulative evidence; (2) the evidence is "material," that

8

>    is, relevant and probative so there is a reasonable possibility that it would
>    change the administrative results; and (3) there is good cause for the failure
>    to submit the evidence at the administrative level.

Vega v. Commissioner of Social Sec., 265 F.3d 1214, 1218 (11th Cir. 2001) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986) and Falge, 150 F.3d at 1323). The Court is to make a de novo determination as to whether remand is appropriate. Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986).

In this case, the Court finds neither that Dr. Tyson's letter is noncumulative nor that good cause exists for her failure to submit the evidence to the ALJ. First, the letter does not contain any new diagnosis, test result, or report of new symptoms. It merely restates plaintiff's condition, as detailed extensively in the existing record, and indicates Dr. Tyson's concern for plaintiff if she is faced with workplace stress, as well as Dr. Tyson's opinion concerning whether plaintiff is "deserving" of disability benefits. Letters in the record from Ms. McKeown, plaintiff's counselor, contain similar comments and concerns regarding plaintiff's ability to adapt to workplace stress. E.g., Tr. 333, 337, 590. Thus, the Court finds Dr. Tyson's letter to be cumulative.

The Court also finds that plaintiff has not sufficiently stated good cause for her failure to submit the letter from Dr. Tyson prior to the ALJ's determination. Plaintiff first visited Dr. Tyson on August 28, 2000. The hearing in this case was held in February 2003, and the ALJ issued his findings in August 2003. Plaintiff visited Dr. Tyson on numerous occasions prior to 2003, Tr. 368 et seq., and plaintiff therefore had numerous opportunities to obtain Dr. Tyson's opinions concerning her level of disability prior to the ALJ's consideration of the case. Dr. Tyson's letter also contains no indication that plaintiff's general condition has

9

exacerbated in the time between the ALJ's decision and the date of the letter, or that plaintiff has exhibited any new symptoms in that time period.[2]

Plaintiff presents no excuse for her failure to produce the letter previously, other than expressing that the letter "was not provided until August 4, 2004." Pl. Br. at 11. The Court finds plaintiff's explanation insufficient to satisfy the good cause requirement. Accordingly, because the new evidence appears to be cumulative and because plaintiff has not made a sufficient showing of good cause to submit the evidence in a timely manner, the Court does not find that a Sentence Six remand would be appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court recommends that the Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 18th day of August, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that plaintiff appears to have been represented by counsel throughout her disability proceedings.

10